EXHIBIT A

Electronically Filed
10/5/2021 3:22 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
**PATRICK W. KANG, ESQ.**
Nevada Bar No.: 10381
**KYLE R. TATUM, ESQ.**
Nevada Bar No.: 13264
**TIFFANY S. YANG, ESQ.**
Nevada Bar No.: 15353
**KANG & ASSOCIATES, PLLC**
6480 West Spring Mountain Road, Suite 1
Las Vegas, Nevada 89146
P: 702.333.4223
F: 702.507.1468
*Attorneys for Plaintiff*

CASE NO: A-21-842185-C
Department 8

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

| | |
|---|---|
| MARTY WEED, an Individual;<br><br>Plaintiff,<br><br>vs.<br><br>TECHTRONIC INDUSTRIES FACTORY OUTLETS, INC. dba RYOBI TOOLS USA, a Foreign Corporation; HOME DEPOT U.S.A., INC. dba THE HOME DEPOT, a Foreign Corporation; DOES 1 through 25, inclusive; and ROE CORPORATIONS 1 through 25, inclusive;<br><br>Defendants. | Case No.:<br>Dept. No.:<br><br><br>**COMPLAINT**<br><br>**CAUSES OF ACTION**<br>**(1) Negligence**<br>**(2) Strict Product Liability**<br>**(3) Breach of Express Warranty**<br>**(4) Breach of Implied Warranty** |

**COMPLAINT**

COMES NOW, Plaintiff, MARTY WEED, by and through his attorneys of record, Patrick W. Kang, Esq.; Kyle R. Tatum, Esq.; and Tiffany S. Yang, Esq., of the law firm of KANG & ASSOCIATES, PLLC, as and for his complaint against Defendants, and hereby complains, alleges and states as follows:

…

…

*1 COMP*

**PARTIES**

1. Plaintiff MARTY WEED was and is, at all times relevant, a resident of Clark County, Nevada.

2. Defendant TECHTRONIC INDUSTRIES FACTORY OUTLETS, INC. dba RYOBI TOOLS USA (hereinafter "Defendant RYOBI") was and is, at all times relevant, a Foreign Corporation registered in the State of Delaware, conducting business through its authorized agents in Clark County, Nevada.

3. Upon information and belief, Defendant RYOBI was and is a corporation, partnership, sole proprietorship, association, or other type of business entity organized to do business in, was doing business in at the time of the incident in question, and is doing business in the State of Nevada. Defendant RYOBI is authorized to conduct business in the Nevada, conducts business in Nevada, and derives substantial economic profits from Nevada. Defendant RYOBI is subject to personal jurisdiction in Nevada.

4. Upon information and belief, Defendant RYOBI was at all times engaged in the business of designing, selecting materials for, manufacturing, fabricating, assembling, inspecting, testing, marketing, distributing, advertising, selling, installing, or placing at market in the ordinary course of trade and business and recommending for sale and selling Ryobi RY3714 chainsaws and their component parts, used by Plaintiff as it was intended to be used at all times and places mentioned herein.

5. Defendant HOME DEPOT PRODUCT AUTHORITY, LLC. dba THE HOME DEPOT (hereinafter "Defendant HOME DEPOT") was and is, at all times relevant, a Foreign Corporation in Delaware, conducting business through its authorized agents in Clark County, Nevada.

6. Upon information and belief, Defendant HOME DEPOT was and is a corporation, partnership, sole proprietorship, association, or other type of business entity organized to do business in, was doing business in at the time of the incident in question, and is doing business in the State of Nevada. Defendant HOME DEPOT is authorized to conduct business in Nevada,

conducts business in Nevada, and derives substantial economic profits from Nevada. Defendant HOME DEPOT is subject to personal jurisdiction in Nevada.

7. Upon information and belief, Defendant HOME DEPOT was at all times engaged in the business of inspecting, testing, marketing, distributing, advertising, selling, installing, and/or placing at market in the ordinary course of trade and business and recommending for sale and selling Ryobi RY3714 chainsaws and component parts, used by Plaintiff as it was intended to be used at all times and places mentioned herein.

8. Upon information and belief, all the acts and conduct alleged herein described of each and every corporate Defendant was duly authorized, ordered, or directed by the respective and collective Defendant corporate employers, officers, and management-level employees of said corporate employers. In addition thereto, said corporate employers participated in the aforementioned acts and conduct of their said employees, agents, and representatives and each of them; and upon completion of the aforesaid acts and conduct of said corporate employees, agents and representatives, the Defendant corporations, respectively and collectively, ratified, accepted the benefits of, condoned, lauded, acquiesced, approved, or consented to each and every of the said acts and conduct of the aforesaid corporate employees, agents, and representatives.

9. Defendants DOES 1-25 and ROE CORPORATIONS 1-25 are fictitious names referring to persons, corporations, partnerships, limited liability companies, joint ventures and/or other entities who may have or had a beneficial or other interest in Defendants at or subsequent to the events which form the basis of this lawsuit. Plaintiff will request leave of this Court to amend the complaint to substitute the actual names of these unknown parties at such time as the true names of DOES 1-25 and ROE CORPORATIONS 1 through 25 become known.

10. Defendants are agents, servants, employees, employers, trade ventures, partners and/or family entities of each other. At the time of the incident described in this complaint,

Defendants were acting within the color, purpose and scope of their relationships, and by reason of their relationships, Defendants are jointly and severally and/or vicariously responsible and liable for the acts and omissions of their co-Defendants.

**VENUE AND JURISDICTION**

11. Venue is proper in Clark County, Nevada pursuant to NRS 13.040.

12. The exercise of jurisdiction by this Court over the Defendants in this civil action is proper pursuant to NRS 14.065 and NRS 41.130.

13. The liability claims and allegations for which Plaintiff complain and for which Defendants are liable arise out of actions that took place in Clark County, Nevada. Specifically, the circumstances which led to and caused the Plaintiff to sustain injury, occurred within the jurisdiction of Clark County, Nevada.

**GENERAL ALLEGATIONS**

14. On or around September 2019, Plaintiff purchased a brand-new Ryobi RY3714, a 14 inch 2-Cycle Gas chainsaw (hereinafter "Ryobi Chainsaw") manufactured by Defendant RYOBI, at a retail store of Defendant HOME DEPOT in Las Vegas, NV.

15. Upon information and belief, Defendant HOME DEPOT was the only authorized seller of Defendant RYOBI's products in Las Vegas, NV.

16. There was no assembly required for the use of the Ryobi Chainsaw.

17. Plaintiff only needed to fill the fuel tank with a gasoline and oil mixture, and fill the bar and chain lubrication oil tank with chain oil prior to operating the Ryobi Chainsaw.

18. On or around October 6, 2019, Plaintiff was on a landscaping project to trim a palm tree that was approximately 30-40 feet tall.

19. Plaintiff was holstered up on the tree to begin trimming the palm tree.

20. Plaintiff successfully started the Ryobi Chainsaw's engine and was able to make two cuts to the palm tree's branches.

21. At the third cut, Plaintiff saw sparks emit from the Ryobi Chainsaw.

22. The sparks fell onto one of the palm tree's leaves or branches and the palm tree that Plaintiff was holstered to burst into flame, causing significant burns on Plaintiff's body.

23. Particularly, the injuries sustained by plaintiff were caused by the defective condition of the Ryobi Chainsaw, which was designed, manufactured, marketed, distributed, and sold by Defendant RYOBI and/or Defendant HOME DEPOT.

24. As a direct and proximate result of the negligence, acts, omissions, and/or defective product of the Defendants, and each of them, Plaintiff suffered certain and severe injuries.

25. As a direct and proximate result of the negligence, acts, omissions, and/or defective produce of the Defendants, and each of them, Plaintiff suffered severe emotional distress.

## FIRST CLAIM FOR RELIEF

*(Negligence as to Defendant RYOBI and Defendant HOME DEPOT)*

26. Plaintiff hereby repeats and alleges each and every previous paragraph, as though fully set forth herein.

27. At all times herein mentioned, Defendant RYOBI negligently designed, fabricated, assembled, inspected, tested, marketed, distributed, advertised, installed, placed at market, recommended for sale, and ultimately sold the Ryobi Chainsaw in question.

28. At all times herein mentioned, Defendant HOME DEPOT negligently inspected, tested, marketed, distributed, advertised, installed, placed on the market, recommended for sale, and ultimately sold the Ryobi Chainsaw in question.

29. Said Ryobi Chainsaw was defective.

30. At all times relevant to the complaint, Defendant RYOBI and Defendant HOME DEPOT were in the business of supplying chainsaws to consumers. Defendant RYOBI and Defendant HOME DEPOT held themselves out as having special expertise in the industry. As such, Defendant RYOBI and Defendant HOME DEPOT owed Plaintiff a duty to use reasonable care in the

design, manufacture, preparation, marketing, testing, instructing, or warnings surrounding the Ryobi Chainsaw.

31. Defendant RYOBI and Defendant HOME DEPOT breached this duty by supplying the Ryobi Chainsaw that was defective to Plaintiff.

32. The negligent acts include, but are not limited to the following acts and/or omissions:

    (a) Negligently designing the Ryobi Chainsaw from a handling standpoint;

    (b) Negligently testing the Ryobi Chainsaw from a handling standpoint;

    (c) Negligently designing the Ryobi Chainsaw to ensure the design would not result in the unsafe emission of sparks while in use;

    (d) Negligently failing to test the Ryobi Chainsaw to ensure the design would not result in the unsafe emission of sparks;

    (e) Negligently designing the Ryobi Chainsaw without an adequate spark failsafe/arrestor;

    (f) Failing to disclose known problems or defects;

    (g) Failing to meet or exceed internal manufacturing corporate guidelines, if any;

    (h) Negligently designing the Ryobi Chainsaw from a marketing standpoint;

    (i) Failing to comply with the standards of care applicable in the chainsaw industry insofar as provided reasonable handler protection; or

    (j) Failing to notify consumers, as required by law, that a defect existed in the Ryobi Chainsaw that related to public safety.

33. The dangers referenced herein were foreseeable or discoverable at the time of manufacture or sale.

34. Defendant RYOBI failed to exercise reasonable care with regard to the Ryobi Chainsaw by negligently introducing defects, and/or failing to eliminate defects. Defendant RYOBI failed to inspect and/or repair the Ryobi Chainsaw and failed to discover and/or provide adequate warnings about the defects. These acts and omissions constitute negligence, which were the

proximate cause of Plaintiff's injuries and damages.

35. Defendant HOME DEPOT failed to exercise reasonable care with regard to the Ryobi Chainsaw by failing to take reasonable steps to warn or notify Plaintiff that the Ryobi Chainsaw was not in a reasonably safe condition for ordinary use at the time of the sale. Defendant HOME DEPOT knew or should have known with the exercise of reasonable diligence, that the Ryobi Chainsaw had a dangerous and defective condition and further knew that Plaintiff was unaware of this condition.

36. The negligence of Defendant RYOBI and Defendant HOME DEPOT was the proximate cause of Plaintiff's injuries.

37. As a direct and proximate result of the negligence of Defendant RYOBI and Defendant HOME DEPOT, Plaintiff suffered physical injuries, as well as pain and suffering.

38. As a further direct and proximate result of the negligence of Defendant RYOBI and Defendant HOME DEPOT, Plaintiff was required to obtain medical services and treatment and may, in the future, be required to obtain additional medical services and treatment.

39. As a further direct and proximate result of the negligence of Defendant RYOBI and Defendant HOME DEPOT, Plaintiff has been damaged in an amount in excess of $15,000.00.

40. Furthermore, the actions of Defendant RYOBI were guilty of malice, oppression, and conscious disregard as those terms are defined in NRS 42.001.

41. As alleged above, Defendant RYOBI developed, assembled, manufactured, marketed, advertised, purchased, inspected, repaired, serviced, distributed, or sold the Ryobi Chainsaw knowing it was defective and dangerous and likely to cause severe injuries to users in foreseeable circumstances as a result of its conscious disregard of defective conditions. These defective conditions rendered the Ryobi Chainsaw unreasonably dangerous for intended and reasonably foreseeable use. This conduct demonstrates a conscious disregard for the rights and safety of others amounting to oppression, or in the alternative, malice.

42. Upon information and belief, Defendant RYOBI knew before the Ryobi Chainsaw was manufactured or sold that it was defective. Defendant RYOBI knew how to design and manufacture a chainsaw to eliminate or significantly mitigate the possibility of spark emisison.

43. Despite this specific knowledge, Defendant RYOBI consciously disregarded its ability to include design changes and safety features, which created the risk of serious harm to chainsaw consumers, including Plaintiff.

44. The acts and/or omissions of Defendant RYOBI were either committed by or authorized, ratified, or otherwise approved by the officers, directors, and/or managing agents of RYOBI, or were carried out unfairly, in bad faith, or in an oppressive manner, causing injury and damage Plaintiff, and were done with a conscious disregard to Plaintiff's rights.

45. Accordingly, due to Defendant RYOBI's acts and/or omissions, plaintiff should recover, in addition to actual damages, punitive and exemplary damages.

46. It has become necessary for the Plaintiff to retain the services of the law firm Kang & Associates, PLLC to prosecute this action, and as such, Plaintiff is entitled to a reasonable award of attorneys' fees and costs of suit incurred herein.

**SECOND CLAIM FOR RELIEF**

(*Strict Product Liability as to Defendant RYOBI and Defendant HOME DEPOT*)

47. Plaintiff hereby repeats and alleges each and every previous paragraph, as though fully set forth herein.

48. The defective chainsaw involved is a Ryobi RY3417. At the time the chainsaw was designed, manufactured, marketed, and sold by Defendant RYOBI and Defendant HOME DEPOT, it was defective in design and manufacture.

49. There was a safer alternative design other than the one used, which was economically and technologically feasible and would have prevented or significantly reduced the risk of the

injury in question without substantially impairing the Ryobi Chainsaw's utility. Furthermore, at the time the Ryobi Chainsaw was sold, the defective design caused the product to unexpectedly fail to function in a manner reasonably expected by an ordinary consumer and user of the same type of chainsaw. The defective design of the Ryobi Chainsaw was the producing cause of Plaintiff's damages and injuries.

50. Defendant RYOBI designed, manufactured, marketed, and placed the Ryobi Chainsaw on the market, and at the time it did so, Defendant RYOBI was in the business of designing, manufacturing, marketing, and placing on the market chainsaws like the Ryobi Chainsaw.

51. From the time that the Ryobi Chainsaw left the possession of Defendant RYOBI until the time of the incident, the chainsaw remained in substantially similar condition it was in at the time it left the possession of Defendant RYOBI.

52. Defendant RYOBI is liable under the doctrine of strict product liability for placing the Ryobi Chainsaw into the stream of commerce and is liable for the injuries and damages produced by the defects in the chainsaw. The Ryobi Chainsaw was defective at the time it was designed, manufactured, marketed, and distributed. The defective nature of the Ryobi Chainsaw included defects in design, stability, handling, marketing, warnings, and handler protection.

53. The design, marketing, and manufacturing defects in the Ryobi Chainsaw rendered it defective, which defective condition was a producing cause of the spark in question, the injuries caused thereby, and the damages sought by Plaintiff herein.

54. At the time the Ryobi Chainsaw left the possession of Defendant RYOBI, it dd not have adequate warnings of the product's dangers that were known by, or should have been known by, Defendant RYOBI. Defendant RYOBI failed to give adequate instructions to avoid the dangers associated with the chainsaw, such as the propensity to emit sparks. This failure, among others, rendered the product defective, and these defects were a producing cause of the incident, the injuries sustained by Plaintiff, and Plaintiff's damages.

55. Safer alternative designs were economically and technologically feasible at the time the product in question left the control of Defendant RYOBI and would have prevented the emission of sparks without affecting the utility of the product.

56. Defendant RYOBI knew or should have known that said Ryobi Chainsaw would be used by ordinary and unsuspecting consumers, including Plaintiff, without inspection thereof for defects.

57. Defendant HOME DEPOT marketed and placed the Ryobi Chainsaw on the market, and at the time it did so, Defendant HOME DEPOT was in the business of marketing and placing on the market chainsaws like the Ryobi Chainsaw.

58. From the time that the Ryobi Chainsaw left the possession of Defendant HOME DEPOT until the time of the incident, the chainsaw remained in substantially similar condition it was in at the time it left the possession of Defendant HOME DEPOT.

59. Defendant HOME DEPOT is liable under the doctrine of strict product liability for placing the Ryobi Chainsaw into the stream of commerce and is liable for the injuries and damages produced by the defects in the chainsaw. the Ryobi Chainsaw was defective at the time it was designed, manufactured, marketed, and distributed. The defective nature of the Ryobi Chainsaw included defects in design, stability, handling, marketing, warnings, and handler protection.

60. The design, marketing, and manufacturing defects in the Ryobi Chainsaw rendered it defective, which defective condition was a producing cause of the sparks in question, the injuries caused thereby, and the damages sought by Plaintiff herein.

61. At the time the Ryobi Chainsaw left the possession of Defendant HOME DEPOT, it did not have adequate warnings of the product's dangers that were known by, or should have been known by, Defendant HOME DEPOT. Defendant HOME DEPOT failed to give adequate instructions to avoid the dangers associated with the chainsaw, such as the propensity to

unsafely emit sparks. This failure, among others, rendered the product defective, and these defects were a producing cause of the incident, the injuries sustained by Plaintiff, and Plaintiff's damages.

62. Safer alternative designs were economically and technologically feasible at the time the product in question left the control of Defendant HOME DEPOT and would have prevented the emission of sparks without affecting the utility of the product.

63. Defendant HOME DEPOT knew or should have known that said Ryobi Chainsaw would be used by ordinary and unsuspecting consumers, including Plaintiff, without inspection thereof for defects.

64. As a direct and proximate result of the negligence of Defendant RYOBI and Defendant HOME DEPOT, Plaintiff suffered physical injuries, as well as pain and suffering.

65. As a further direct and proximate result of the negligence of Defendant RYOBI and Defendant HOME DEPOT, Plaintiff was required to obtain medical services and treatment and may, in the future, be required to obtain additional medical services and treatment.

66. As a further direct and proximate result of the negligence of Defendant RYOBI and Defendant HOME DEPOT, Plaintiff has been damaged in an amount in excess of $15,000.00.

67. Furthermore, the actions of Defendant RYOBI were guilty of malice, oppression, and conscious disregard as those terms are defined in NRS 42.001.

68. As alleged above, Defendant RYOBI developed, assembled, manufactured, marketed, advertised, purchased, inspected, repaired, serviced, distributed, or sold the Ryobi Chainsaw knowing it was defective and dangerous and likely to cause severe injuries to users in foreseeable circumstances as a result of its conscious disregard of defective conditions. These defective conditions rendered the Ryobi Chainsaw unreasonably dangerous for intended and reasonably foreseeable use. This conduct demonstrates a conscious disregard for the rights and safety of others amounting to oppression, or in the alternative, malice.

69. Upon information and belief, Defendant RYOBI knew before the Ryobi Chainsaw was manufactured or sold that it was defective. Defendant RYOBI knew how to design and manufacture a chainsaw to eliminate or significantly mitigate the possibility of spark emission.

70. Despite this specific knowledge, Defendant RYOBI consciously disregarded its ability to include design changes and safety features, which created the risk of serious harm to chainsaw consumers, including Plaintiff.

71. The acts and/or omissions of Defendant RYOBI were either committed by or authorized, ratified, or otherwise approved by the officers, directors, and/or managing agents of RYOBI, or were carried out unfairly, in bad faith, or in an oppressive manner, causing injury and damage Plaintiff, and were done with a conscious disregard to Plaintiff's rights.

72. Accordingly, due to Defendant RYOBI's acts and/or omissions, plaintiff should recover, in addition to actual damages, punitive and exemplary damages.

73. It has become necessary for the Plaintiff to retain the services of the law firm Kang & Associates, PLLC to prosecute this action, and as such, Plaintiff is entitled to a reasonable award of attorneys' fees and costs of suit incurred herein.

### THIRD CLAIM FOR RELIEF

*(Breach of Express Warranty as to Defendant RYOBI and Defendant HOME DEPOT)*

74. Plaintiff hereby repeats and alleges each and every previous paragraph, as though fully set forth herein.

75. Plaintiff and Defendant RYOBI entered into a contract for the sale of the Ryobi Chainsaw.

76. Plaintiff and Defendant HOME DEPOT entered into a contract for the sale of the Ryobi Chainsaw.

77. At all times herein mentioned, Defendant RYOBI and Defendant HOME DEPOT, by and through the sale of the Ryobi Chainsaw, expressly warranted to the public generally, and to

Plaintiff specifically, that the Ryobi Chainsaw and its component parts were fit and safe for the purposes for which it was intended.

78. The Ryobi Chainsaw, manufactured and/or distributed by Defendant RYOBI and Defendant HOME DEPOT, it was unfit and unsafe for its intended uses and purposes because of design, manufacturing, and marketing defects that caused the incident.

79. Defendant RYOBI and Defendant HOME DEPOT breached this express warranty because the Ryobi Chainsaw did not conform to the purposes for which it was intended.

80. As a direct and proximate result of the acts and omissions of Defendant RYOBI and Defendant HOME DEPOT, Plaintiff suffered physical injuries, as well as pain and suffering.

81. As a further direct and proximate result of the acts and omissions of Defendant RYOBI and Defendant HOME DEPOT, Plaintiff was required to obtain medical services and treatment and may, in the future, be required to obtain additional medical services and treatment.

82. As a further direct and proximate result of the acts and omissions of Defendant RYOBI and Defendant HOME DEPOT, Plaintiff has been damaged in an amount in excess of $15,000.00.

83. Furthermore, the actions of Defendant RYOBI were guilty of malice, oppression, and conscious disregard as those terms are defined in NRS 42.001.

84. As alleged above, Defendant RYOBI developed, assembled, manufactured, marketed, advertised, purchased, inspected, repaired, serviced, distributed, or sold the Ryobi Chainsaw knowing it was defective and dangerous and likely to cause severe injuries to users in foreseeable circumstances as a result of its conscious disregard of defective conditions. These defective conditions rendered the Ryobi Chainsaw unreasonably dangerous for intended and reasonably foreseeable use. This conduct demonstrates a conscious disregard for the rights and safety of others amounting to oppression, or in the alternative, malice.

85. Upon information and belief, Defendant RYOBI knew before the Ryobi Chainsaw was manufactured or sold that it was defective. Defendant RYOBI knew how to design and

manufacture a chainsaw to eliminate or significantly mitigate the possibility of spark emission.

86. Despite this specific knowledge, Defendant RYOBI consciously disregarded its ability to include design changes and safety features, which created the risk of serious harm to chainsaw consumers, including Plaintiff.

87. The acts and/or omissions of Defendant RYOBI were either committed by or authorized, ratified, or otherwise approved by the officers, directors, and/or managing agents of RYOBI, or were carried out unfairly, in bad faith, or in an oppressive manner, causing injury and damage Plaintiff, and were done with a conscious disregard to Plaintiff's rights.

88. Accordingly, due to Defendant RYOBI's acts and/or omissions, plaintiff should recover, in addition to actual damages, punitive and exemplary damages.

89. It has become necessary for the Plaintiff to retain the services of the law firm Kang & Associates, PLLC to prosecute this action, and as such, Plaintiff is entitled to a reasonable award of attorneys' fees and costs of suit incurred herein.

### FOURTH CLAIM OF RELIEF

*(Breach of Implied Warranty as to Defendant RYOBI and Defendant HOME DEPOT)*

90. Plaintiff hereby repeats and alleges each and every previous paragraph, as though fully set forth herein.

91. Plaintiff and Defendant RYOBI entered into a contract for the sale of the Ryobi Chainsaw.

92. Plaintiff and Defendant HOME DEPOT entered into a contract for the sale of the Ryobi Chainsaw.

93. At all times herein mentioned, Defendant RYOBI and Defendant HOME DEPOT, by and through the sale of the Ryobi Chainsaw, impliedly warranted to the public generally, and to Plaintiff specifically, that the Ryobi Chainsaw and its component parts were fit and safe for the purposes for which it was intended.

94. The Ryobi Chainsaw, manufactured and/or distributed by Defendant RYOBI and Defendant HOME DEPOT, it was unfit and unsafe for its intended uses and purposes because of design, manufacturing, and marketing defects that caused the incident.

95. Defendant RYOBI and Defendant HOME DEPOT breached this implied warranty because the Ryobi Chainsaw did not conform to the purposes for which it was intended.

96. As a direct and proximate result of the acts and omissions of Defendant RYOBI and Defendant HOME DEPOT, Plaintiff suffered physical injuries, as well as pain and suffering.

97. As a further direct and proximate result of the acts and omissions of Defendant RYOBI and Defendant HOME DEPOT, Plaintiff was required to obtain medical services and treatment and may, in the future, be required to obtain additional medical services and treatment.

98. As a further direct and proximate result of the acts and omissions of Defendant RYOBI and Defendant HOME DEPOT, Plaintiff has been damaged in an amount in excess of $15,000.00.

99. Furthermore, the actions of Defendant RYOBI were guilty of malice, oppression, and conscious disregard as those terms are defined in NRS 42.001.

100. As alleged above, Defendant RYOBI developed, assembled, manufactured, marketed, advertised, purchased, inspected, repaired, serviced, distributed, or sold the Ryobi Chainsaw knowing it was defective and dangerous and likely to cause severe injuries to users in foreseeable circumstances as a result of its conscious disregard of defective conditions. These defective conditions rendered the Ryobi Chainsaw unreasonably dangerous for intended and reasonably foreseeable use. This conduct demonstrates a conscious disregard for the rights and safety of others amounting to oppression, or in the alternative, malice.

101. Upon information and belief, Defendant RYOBI knew before the Ryobi Chainsaw was manufactured or sold that it was defective. Defendant RYOBI knew how to design and manufacture a chainsaw to eliminate or significantly mitigate the possibility of spark emission.

102. Despite this specific knowledge, Defendant RYOBI consciously disregarded its ability to include design changes and safety features, which created the risk of serious harm to chainsaw consumers, including Plaintiff.

103. The acts and/or omissions of Defendant RYOBI were either committed by or authorized, ratified, or otherwise approved by the officers, directors, and/or managing agents of RYOBI, or were carried out unfairly, in bad faith, or in an oppressive manner, causing injury and damage Plaintiff, and were done with a conscious disregard to Plaintiff's rights.

104. Accordingly, due to Defendant RYOBI's acts and/or omissions, plaintiff should recover, in addition to actual damages, punitive and exemplary damages.

105. It has become necessary for the Plaintiff to retain the services of the law firm Kang & Associates, PLLC to prosecute this action, and as such, Plaintiff is entitled to a reasonable award of attorneys' fees and costs of suit incurred herein.

…

…

…

…

…

…

…

…

…

…

…

…

…

**WHEREFORE,** Plaintiff is entitled to judgment in his favor and against Defendants, as follows:

1. For damages in the amount in excess of $15,000.00 for past and future medical expenses, and for past and future pain and suffering;
2. For all costs and all attorneys' fees incurred and accrued in these proceedings;
3. For punitive damages in an amount to be determined by this Court;
4. For interest thereon at the legal rate until paid in full; and
5. For such other and further relief as the Court may deem just and proper.

Dated this __5__ day of October, 2021.

**KANG & ASSOCIATES, PLLC**

_/s/Kyle R. Tatum, Esq._
**PATRICK W. KANG, ESQ.**
Nevada Bar No.: 10381
**KYLE R. TATUM, ESQ.**
Nevada Bar No.: 13264
**TIFFANY S. YANG, ESQ.**
Nevada Bar No.: 15353
**KANG & ASSOCIATES, PLLC**
6480 West Spring Mountain Road, Suite 1
Las Vegas, Nevada 89146
P: 702.333.4223
F: 702.507.1468
*Attorneys for Plaintiff*