UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Marty Weed,<br><br>                    Plaintiff,<br><br>      v.<br><br>Techtronic Industries Factor Outlets, et al.,<br><br>                    Defendants. | Case No. 2:21-cv-01961-RFB-DJA<br><br>**Order** |

To preserve resources, the parties have stipulated to what is essentially a stay of discovery until the Court resolves Plaintiff's motion to remand. (ECF No. 16). The parties ask to stop all discovery, postponing their Federal Rule of Civil Procedure 26(f) conference. (*Id.*). Although the parties do not style their stipulation as one for a stay—or cite the standards applicable to a stay—the Court finds good cause to grant the stipulation. The Court finds these matters properly resolved without a hearing. LR 78-1.

Courts have broad discretionary power to control discovery. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). The Court is guided by the objectives of Federal Rule of Civil Procedure 1 to ensure a just, speedy, and inexpensive determination of every action. *See Kidneigh v. Tournament One Corp.*, No. 2:12-cv-02209-APG-CWH, 2013 WL 1855764, at *2 (D. Nev. May 1, 2013). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011). But preliminary issues such as jurisdiction, venue, or immunity are common situations that may justify a stay. *See Twin City Fire Ins. v. Employers of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989); *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013) (granting stay based in part on alleged lack of subject matter jurisdiction). Motions to stay discovery pending resolution of a dispositive

motion may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion to evaluate the likelihood of success. *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013). The "preliminary peek" is not intended to prejudge the outcome, but to evaluate the propriety of a stay of discovery "with the goal of accomplishing the objectives of Rule 1." *Tradebay*, 278 F.R.D. at 602-603 (citation omitted). A party seeking to stay discovery pending resolution of a potentially dispositive motion bears the heavy burden of establishing that discovery should be stayed. *See, e.g.*, *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997).

   Here, the Court finds that a stay is warranted. A stay would ensure a just, speedy, and inexpensive determination of this action because it is at the preliminary stage where jurisdiction is at issue. A stay is also warranted under the three factors outlined in *Kor Media Group, LLC*. First, the pending motion to remand is potentially dispositive of the action in Federal court. Second, whether remand is appropriate can be determined without additional discovery. Third, having taken a preliminary peek at the motion to remand (ECF No. 11) and petition for removal (ECF No. 1)—although Defendant has not yet responded—the Court is not convinced that Defendant will overcome the motion to remand. The Court does not prejudge the outcome but finds through its preliminary peek that a stay will accomplish the objectives of Rule 1: a just, speedy, and inexpensive outcome. While the parties have not carried their burden of showing that discovery should be stayed—which the Court will require in any future motions—they have demonstrated professional courtesy by stipulating to a stay which is appropriate under the circumstances. The Court thus grants the stipulation to stay.

   **IT IS THEREFORE ORDERED** that the parties' stipulation to suspend the Rule 26(f) conference (ECF No. 16) is **granted.**

DATED: December 17, 2021

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE